### MRS. CLYDE BELL V. THE STATE.

No. 10556.   Delivered March 30, 1927.

Rehearing denied May 18, 1927.

**1.—Violating Medical Practice Act—Information—Held Sufficient.**

Where an information brought under Chap. 6, Title 12, of our Penal Code sets out all of the elements of the offense as they appear in the statute, even though some are rather awkwardly stated, is held sufficient.

ON REHEARING.

**2.—Same—Statement of Facts—Not Approved by Trial Judge—Cannot Be Considered.**

Where a statement of facts is not approved by the trial judge, and was filed more than ninety days from the date that notice of appeal was given, same cannot be considered on appeal.

Appeal from the County Court at Law No. 1 of Tarrant County.   Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for a violation of the medical practice act, penalty a fine of $100.

The opinion states the case.

*H. P. Shead* and *L. H. Evridge* of Fort Worth, for appellant.

*Chas. L. Black* and *Robt. M. Turpin; Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for violation of the medical practice act, punishment a fine of $100.

Under the provisions of Chap. 6, Title 12, of our Penal Code, one is forbidden to practice medicine upon human beings in

this state until he has filed with the district clerk of the district of which he is a resident, his license to practice medicine, the means and method of obtaining which are prescribed by statute. In addition to the filing of his license, said practitioner must also file with said clerk an affidavit containing certain specified statutory requisites. Appellant was charged with a violation of this statute. The statement of facts is not approved by the trial court, and we find ourselves unable to appraise the complaints appearing in the various bills of exception relating to objections as to the admission or rejection of facts. There is a bill of exceptions complaining of the court's action in overruling appellant's motion to quash. We have carefully examined the information and do not believe same open to the objection made. The pleader was attempting to state, and does state, though rather awkwardly, that appellant neither filed her license nor the affidavit required. We do not think it possible for appellant to have been misled. All the elements of the offense appear.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes an earnest attempt to establish the fact that she was without fault in the matter of her failure to get the statement of facts approved by the trial court. No statement of the trial judge appears in the record in this connection, nor is there anything showing any reason why the approval of the trial court was not obtained. In examining this matter our attention was attracted to the fact that the statement of facts was filed one day too late. The motion for new trial was overruled and notice of appeal given on June 5, 1926. The statement of facts appears to have been filed in the office of the clerk of the court below September 4, 1926. This filing was ninety-one days after notice of appeal. We are unable, in this condition of the record, to consider the statement of facts, and the motion for rehearing will be overruled.

Morrow, P. J., absent.                    *Overruled.*